# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

TOM KIM LOI LAM and
JIMMY GONG YAN LEE,
a/k/a Gong Yan Lee

**CR 14 0652**

DEFENDANT(S).

## INDICTMENT

18 USC 371 - conspiracy to commit bribery involving federal program
18 USC 666(a)(2) & 2 - bribery involving federal program
18 USC 201(b)(1)(B)

FILED
DEC 23 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

VC

A true bill.

_____ Foreman

Filed in open court this 23rd day of

December 2014.

_____ Clerk

Bail, $ No process

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

18 USC 371 - conspiracy to commit bribery involving federal program
18 USC 666(a)(2) & 2 - bribery involving federal program
18 USC 201(b)(1)(B)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
Please see attached

---

**DEFENDANT - U.S.**

▶ TOM KIM LOI LAM and JIMMY GONG YAN LEE

**DISTRICT COURT NUMBER**

CR 14 0652

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)
HSI Agent John Moore

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

MAGISTRATE CASE NO.
14-MJ-71520

Name and Office of Person
Furnishing Information on THIS FORM    Melinda Haag

☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)    W.S. Wilson Leung

---

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☑ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED DEC 23 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☑ NO PROCESS* ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:
Before Judge:

Comments:

United States v. Tom Kim Loi Lam and Jimmy Gong Yan Lee
Penalty Sheet (continued)

**FOR BOTH TOM KIM LOI LAM AND JIMMY GONG YAN LEE**

Count One (18 U.S.C. § 371)
| | |
|---|---|
| Maximum term of imprisonment: | 5 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | Greatest of $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |
| Restitution | |
| Forfeiture | |

Count Two (18 U.S.C. §§ 666(a)(2) & 2)
| | |
|---|---|
| Maximum term of imprisonment: | 10 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | Greatest of $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |
| Restitution | |
| Forfeiture | |

**FOR BOTH TOM KIM LOI LAM ONLY**

Count Three (18 U.S.C. § 201(b)(1)(B))
| | |
|---|---|
| Maximum term of imprisonment: | 15 years |
| Maximum term of supervised release: | 3 years |
| Maximum fine: | Greatest of $250,000 or 2x gain/loss |
| Mandatory special assessment: | $100 |
| Restitution | |
| Forfeiture | |

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| UNITED STATES OF AMERICA, | ) No. CR 14 0652 |
|---|---|
| v. | ) VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Give Bribes Involving Federal Program; 18 U.S.C. § 666(a)(2) – Giving Bribes Involving Federal Program; 18 U.S.C. § 201(b)(1)(B) – Bribery of Public Official; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 – Criminal Forfeiture |
| TOM KIM LOI LAM and, JIMMY GONG YAN LEE, a/k/a "Gong Yan Lee," | |
| Defendants. | |

INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times relevant to this indictment, unless otherwise indicated, and with all dates being approximate and all date ranges being both approximate and inclusive:

*The Emeryville Police Department*

1.   The Emeryville Police Department ("EPD") was the local police agency responsible for maintaining law and order in Emeryville, California, and was a local government agency that received more than $10,000 in any one-year period from the United States Government.

//

*The Defendants and Their Bribery Scheme*

2. JIMMY GONG YAN LEE, a/k/a "Gong Yan Lee," (LEE) and others known and unknown, operated a brothel located in Emeryville, California, called Acucare Oriental Spa ("Acucare"). TOM KIM LOI LAM (LAM) was an associate of LEE.

3. Between March 2013 and June 2014, LAM, working on behalf of LEE, gave an EPD officer, who was posing as a corrupt police officer (the "Undercover Officer"), money and other things of value for the purpose of inducing the Undercover Officer to allow Acucare to continue operating as a brothel.

<u>COUNT ONE</u>    (18 U.S.C. § 371 -- Conspiracy to Give Bribes Involving a Federal Program)

4. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth here.

5. From at least January 2013 through June 2014, in the Northern District of California, the defendants,

TOM KIM LOI LAM and

JIMMY GONG YAN LEE, a/k/a "Gong Yan Lee,"

and others known and unknown, unlawfully and knowingly conspired and agreed together and with one another to give bribes involving a federal program, in violation of Title 18, United States Code, Section 666(a)(2).

6. It was a part and an object of the conspiracy that the defendants unlawfully and knowingly would and did corruptly give, offer, and agree to give something of value to a person, with intent to influence and reward an agent of the EPD, in connection with a business, transaction, and series of transactions of the EPD, involving something of value of $5,000 and more, while the EPD was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance; specifically, LAM and LEE agreed that LAM would give bribes in the form of money and other things of value to the Undercover Officer in exchange for the Undercover Officer using his official position within the EPD to allow Acucare to continue operating as a brothel, in violation of Title 18, United States Code, Section 666(a)(2).

Overt Acts

7. In furtherance of the conspiracy and to effect the illegal object thereof, the defendants committed the following overt acts, among others, in the Northern District of California:

    a. On January 31, 2013, in Emeryville, California, LAM and LEE met with the Undercover Officer.

    b. On March 20, 2013, in Emeryville, California, LAM gave the Undercover Officer approximately $2,000 in United States currency.

    c. On May 18, 2013, in Emeryville, California, LAM gave the Undercover Officer approximately $2,000 in United States currency.

    d. On June 24, 2014, in Emeryville, California, LEE met with the Undercover Officer.

All in violation of Title 18, United States Code, Sections 371 and 666(a)(2).

COUNT TWO    (18 U.S.C. §§ 666(a)(2) and 2 -- Giving Bribes Involving a Federal Program)

8. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth here.

9. From at least March 2013 through June 2014, in the Northern District of California, the defendants,

TOM KIM LOI LAM and

JIMMY GONG YAN LEE, a/k/a "Gong Yan Lee,"

unlawfully and knowingly corruptly gave, offered, and agreed to give something of value to a person, with intent to influence and reward an agent of the EPD, in connection with a business, transaction, and series of transactions of the EPD, involving something of value of $5,000 and more, while the EPD was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance; specifically, LAM and LEE gave bribes in the form of money and other things of value to the Undercover Officer in exchange for the Undercover Officer using his official position within the EPD to allow Acucare to continue operating as a brothel.

All in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

COUNT THREE    (18 U.S.C. § 201(b)(1(B) – Bribery of Public Official)

10. From July 1, 2013, through January 2014, in the Northern District of California, the defendant,

TOM KIM LOI LAM,

unlawfully, knowingly, and corruptly, directly and indirectly, gave, offered, and promised a thing of value to a public official to influence an official act, to influence such public official to commit and aid in committing, and collude in, and allow, a fraud, and make opportunity for the commission of a fraud, on the United States, and to induce such public official to do and omit to do an act in violation of the lawful duty of such official; specifically, LAM paid a federal agent, who was posing as a corrupt federal immigration official, over $80,000 in United States currency, to induce the official to issue Legal Permanent Resident cards.

All in violation of Title 18, United States Code, Section 201(b)(1).

FORFEITURE ALLEGATION    (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Fraud Forfeiture)

11. The factual allegations set forth in paragraphs 1 through 10, and in each of Counts One through Three, are realleged and incorporated as if fully set forth here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

12. Upon conviction for any offense alleged in Counts One through Three, the defendants,

TOM KIM LOI LAM and

JIMMY GONG YAN LEE, a/k/a "Gong Yan Lee,"

shall forfeit to the United States all property, constituting and derived from proceeds traceable to said offenses, including, but not limited to a sum of money equal to the proceeds resulting from the offenses.

13. If any of said property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

        e.        has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

      All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED:

12/23/14

A TRUE BILL

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
DAVID R. CALLAWAY
Acting Chief, Criminal Division

(Approved as to form: _____ )
W.S. WILSON LEUNG
Assistant United States Attorney

5